FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 2 1 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MOHAMED NABE,

                Plaintiff,

-against-

OTIS JONES, *Counselor, Unit # 82,*
*Metropolitan Detention Center,* and
LIEUTENANT THERESA EOBSTEL,
*Correctional Officer, Metropolitan Detention Center,*

                Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

10-CV-3232 (NGG) (VVP)

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Mohamed Nabe ("Plaintiff"), who is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey and proceeding pro se, brings this action against Defendants Otis Jones ("Jones") and Lieutenant Theresa Eobstel ("Eobstel") of the Metropolitan Detention Center ("MDC"), where he was previously incarcerated. (See Am. Compl. (Docket Entry # 5).) For the reasons set forth below, Plaintiff's Bivens claims against both Defendants are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff is granted leave to submit a second amended complaint within sixty (60) days of the date of this Order in order to make a claim pursuant to the Federal Tort Claims Act.

**I. BACKGROUND**

    Plaintiff filed his original Complaint in this action on July 1, 2010. (Docket Entry # 1.) Plaintiff's original Complaint named only the MDC as a Defendant. (Id.) Pursuant to 28 U.S.C. § 1915, the court dismissed Plaintiff's claims against the MDC, but granted him leave to amend his Complaint. (See Order of July 30, 2010 (Docket Entry # 4).) The court construed Plaintiff's

1

claims as constitutional claims brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Id. at 2.) Accordingly, the court instructed Plaintiff that any amendment he chose to submit should identify individual defendants who he believed were responsible for the alleged violations of his constitutional rights and the roles each of these individuals played in the alleged violations. (Id. at 3.) Plaintiff filed an Amended Complaint in accordance with that Order. (See Am. Compl. (Docket Entry # 5).)

A.  **Facts Relevant to Plaintiff's Claim against Jones**

Plaintiff claims that Jones violated his Eighth Amendment rights when he denied Plaintiff's request to change cellmates. Plaintiff states that he informed Jones that he wanted to be transferred to a new cell after his cellmate, Eric Moore ("Moore") said he did not trust Plaintiff and wanted him out of the cell. (Am. Compl. at 2.) Plaintiff alleges that Jones denied his request but told him that if Moore ever provoked Plaintiff, Plaintiff would be moved. (Id.) Plaintiff alleges that Moore attacked him on July 19, 2009. (Id. at 1-2.) Plaintiff states that Moore slammed the cell door on his feet. (Id. at 2.) Plaintiff then approached Moore out of the cell and Moore struck him in the face, causing him to lose a tooth. (Id.) After the incident with Moore, Plaintiff was sent to the Special Housing Unit ("SHU") and received disciplinary penalties. (Id.) Plaintiff alleges that he was not given adequate medical assistance for his injured foot and mouth while he was in the SHU. (Id. at 3.)[1] Plaintiff's cellmate in the SHU did not want to be housed with Plaintiff, and Plaintiff again requested a transfer but was denied.[2] (Id.) Subsequently, the new cellmate hit Plaintiff in the face, further injuring Plaintiff's mouth. (Id.)

---

[1] Plaintiff also states that because he was moved to the SHU, he was unable to contact his lawyer or his family before his sentencing. (Am. Compl. at 5.) To the extent that Plaintiff seeks to challenge his criminal sentence (and it is unclear from his brief mention of this issue in the Amended Complaint whether or not he does), a habeas petition—not the instant action—is the correct mechanism.

[2] Plaintiff's Amended Complaint does not make clear if Jones was the Counselor who denied this request to change cellmates.

2

Plaintiff claims that Jones breached his duty of care by failing to prevent Plaintiff's cellmates' attacks. (Id. at 1.) Plaintiff has framed this claim as a Bivens action, not as a tort claim.

### B. Facts Relevant to Plaintiff's Claim Against Eobstel

Plaintiff claims that Eobstel violated his right to due process when she made a false statement in an incident report regarding the fight between Plaintiff and Moore. (See Am. Compl. at 3-4.) In response to the altercation between Plaintiff and Moore, disciplinary charges were brought against Plaintiff. (See id. at 3-5.) Plaintiff was initially charged with a Code 201 violation for fighting.[3] (Id. at 4.) Plaintiff claims that Eobstel's initial report, which alleged that a video surveillance tape showed that Plaintiff punched Moore during the fight, was a "false statement." (Id. at 3.) Plaintiff acknowledges that a Disciplinary Hearing Officer ("D.H.O.") reviewed Eobstel's incident report and the videotape. (See id. at 4) After reviewing the materials, the D.H.O. found that Plaintiff "went into a fighting stance with [his] fist up" and that a Code 201A violation for attempted fighting was "more appropriate." (Id.)

Both Jones and Eobstel move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. (See Mot. to Dismiss (Docket Entry # 25).)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court evaluates the sufficiency of the complaint under the "two-pronged approach" established by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). First, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010)

---

[3] See the Metropolitan Detention Center Brooklyn, New York Admission and Orientation Manual for Pre-Trial, and Holdover Inmates at 15 (available at http://www.bop.gov/locations/institutions/bro/BRO_aohandbook.pdf).

3

(quoting Iqbal, 129 S.Ct. at 1950). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. at 1950; accord Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must be plausible. Twombly, 550 U.S. at 564. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). While "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), even a pro se complaint will be dismissed if it does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

III. DISCUSSION

    A.    **Claim Against Eobstel**

Plaintiff's Amended Complaint, liberally construed, asserts that Eobstel violated his right to procedural due process by providing "false" information in her initial report of Plaintiff's

altercation with Moore. This conclusory allegation without more is insufficient to state a claim against Eobstel. The Second Circuit Court of Appeals has described the contours of a prisoner's procedural due process rights in the context of a disciplinary proceeding as follows:

> Because [p]rison disciplinary proceedings are not part of a criminal prosecution, . . . the full panoply of rights due a defendant in such proceedings does not apply. Rather, to comport with procedural due process, an inmate charged with a violation in a disciplinary hearing must be given: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Indeed, we have stressed that, in the context of such proceedings, the only process due an inmate is that minimal process guaranteed by the Constitution . . . .

Williams v. Menifee, 331 Fed. App'x 59, 60 (2d Cir. 2009) (internal quotations omitted). Plaintiff's Amended Complaint does not allege that prison staff failed to follow any of these procedures.

Moreover, a false report alone does not violate a prisoner's procedural due process rights. See Livingston v. Kelly, 423 Fed. App'x 37, 40 (2d Cir. 2011). Rather, a Plaintiff must also allege that he was deprived of a fair opportunity to refute the charges against him, even when the charges were based on a false report. (Id.) Here, Plaintiff has not alleged such facts. In fact, Plaintiff's Amended Complaint makes clear that he *did* have a fair opportunity to refute the charges against him: The D.H.O. independently reviewed the videotape of the altercation and reached a different conclusion than the one Eobstel recommended. Therefore, the court finds that Plaintiff has failed to state claim upon which relief may be granted, and his Bivens claim against Eobstel is dismissed.

### B. Claim Against Jones

Plaintiff argues that Jones violated his constitutional rights by (1) negligently failing to prevent Plaintiff's injuries and (2) negligently failing to provide sufficient medical care. (See Am. Compl. at 5.) These claims must fail because allegations of negligence do not state a claim under the Constitution. Trammell v. Keane, 338 F.3d 155, 165 (2d Cir. 2003) (negligence is not sufficient to support a claim under the Eighth Amendment). Rather, in order to state a Bivens claim, a plaintiff must allege that prison officials acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 829 (1994) (the official must have been subjectively aware of the risk of serious harm); Adekoya v. Fed. Bureau of Prisons, 375 F. App'x 119, 121 (2d Cir. 2010) (citing Daniels v. Williams, 474 U.S. 327, 328 (1986)); see also Chance v. Armstrong, 143 F. 3d 698, 703 (2d Cir. 1998) ("[T]he deliberate indifference standard requires that plaintiff prove that the prison official knew of and disregarded the plaintiff's serious medical needs."). Plaintiff's claims that Jones breached his duty of care by failing to provide Plaintiff with access to adequate medical care and failing to remove him from the cell with Moore do not rise to this standard; he has not pled facts that plausibly allege deliberate indifference. The court therefore dismisses Plaintiff's Bivens claims against Jones for failure to state a claim.[4]

---

[4] Defendants argue that Plaintiffs' failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") provides a second basis for dismissal. (See Def. Mem. (Docket Entry # 27) at 12-17). In support of this argument, Defendants submit a copy of the administrative tort claim Plaintiff filed. (See Decl. of AUSA Eichenholtz (Docket Entry # 29) at 23 (Ex. F).) They argue, seemingly correctly, that submission of this form (an SF-95) works to exhaust a potential tort claim, but that a different type of administrative claim (a BP-9) is required where a claimant seeks relief based on an alleged constitutional violation. (See Def. Mem. at 11; Def. Reply (Docket Entry # 33) at 1-3); see also See Macias v. Zenk, 495 F. 3d 37, 43 (2d Cir. 2007) (tort claim exhaustion does not exhaust Bivens claims); Warrander v. United States, 09-CV-2697 (KAM), 2011 WL 703927, at *6 n.3 (E.D.N.Y. 2011) (filing an SF-95 tort claim, rather than a BP-9, does not exhaust for Bivens purposes).

Although Defendants may well be correct on the merits, this issue is not properly determined on a motion to dismiss. At this stage, the burden is not on Plaintiff to allege that he has exhausted his administrative remedies. Failure to exhaust is an affirmative defense that may be asserted in a motion for summary judgment. See Jones v. Bock, 549 U.S. 199, 212-213 (2007). Here, because the court can dispose of Plaintiff's claims against both Jones and Eobstel under Federal Rule of Civil Procedure 12(b)(6), it declines to convert Defendants' motion to dismiss into a motion for summary judgment.

## C. Leave to Amend

The Second Circuit has cautioned that "[a] pro se complaint should not be dismissed without the Court granting leave to amend *at least once* when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (emphasis added). Here, the court has already allowed Plaintiff one opportunity to amend. Pursuant to the court's direction, Plaintiff availed himself of that opportunity and amended his Complaint with respect to his Bivens claims. Although the court finds that Plaintiff's Amended Complaint fails to state a constitutional claim, a liberal reading of the Amended Complaint indicates that Plaintiff may be able to state a valid claim under the Federal Tort Claims Act ("FTCA").

The FTCA permits plaintiffs to bring civil actions against the United States for money damages based on "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). In order to properly exhaust, a prisoner must file "an FTCA claim with the Bureau of Prisons (BOP) regional office." Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 242 (2008) (citing 28 C.F.R. § 543.31(a)). If the plaintiff "is 'dissatisfied with the final agency action' [he] may . . . file suit in an 'appropriate U.S. District Court.'" Id. (citing 28 C.F.R. § 543.32(g)). Under 28 U.S.C. § 2401(b), an FTCA action may not proceed unless the plaintiff presents his claim to the appropriate federal agency within two years of the time the claim accrued.

In determining the liability of the United States under the FTCA, courts apply the law of the state where the incident occurred. 28 U.S.C. § 1346(b)(1); Hamm v. United States, 483 F.3d 135, 139 (2d Cir. 2007). Therefore, the substantive law of New York would apply to any FTCA claim brought in this case. To prevail on a claim of negligence under New York law, a plaintiff must establish: "(1) that a duty of care was owed by the defendant to the plaintiff; (2) that the defendant breached that duty; (3) that the defendant's breach was a proximate cause of the plaintiff's injuries; and (4) that plaintiff was damaged." Crews v. Cnty. of Nassau, 612 F. Supp. 2d 199, 205 (E.D.N.Y. 2009). To the extent Plaintiff alleges medical malpractice claims, the elements of medical malpractice under New York law are "(1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury." Philippeaux v. United States, No. 10-CV-6143 (NRB), 2011 WL 4472064, at *7 (S.D.N.Y. Sept. 27, 2011). "Moreover, a plaintiff must allege the existence of a physician-patient relationship." Id.

In the interest of justice, Plaintiff is granted leave file a second amended complaint in order to pursue an FTCA claim. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.") To the extent Plaintiff wishes do so, he must amend his pleadings to reflect that claim within sixty (60) days of this order. Plaintiff should also file a copy of his administrative tort grievance, and a copy of the denial of that grievance as an attachment to his second amended complaint. FTCA claims can only be brought against the United States, and not against federal employees individually. 28 U.S.C. §§ 2679(b)(1), (d)(1). Thus, should Plaintiff wish to pursue an FTCA claim, he must add the United States of America as a Defendant. He must also allege facts sufficient to show that at least one government employee was negligent or committed medical malpractice, as per the elements described above.

## IV. CONCLUSION

As set forth above, Plaintiff's <u>Bivens</u> claims against Defendants Jones and Eobstel are DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff is granted leave to submit a second amended complaint utilizing the above index number in order to bring a claim against the United States pursuant to the Federal Tort Claims Act within sixty (60) days of the date of this Order.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February 16, 2012

NICHOLAS G. GARAUFIS
United States District Judge