UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MOHAMED NABE,

**ORDER**

Plaintiff,

**10-CV-3232 (NGG) (VPP)**

-against-

UNITED STATES OF AMERICA,

Defendant.
------------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On July 1, 2010, Plaintiff Mohamed Nabe ("Plaintiff" or "Nabe") initiated this pro se

action against the United States of America (the "Government") alleging claims under the

Federal Tort Claims Act ("FTCA"), premised on his alleged mistreatment by prison officials

while incarcerated. (Compl. (Dkt. 1).) The operative pleading for the purposes of this Order is

Plaintiff's Second Amended Complaint ("SAC"), which was filed on March 30, 2012. (SAC

(Dkt. 40).) On June 17, 2013, in accordance with the briefing schedule established by this court,

the Government filed a combined motion to dismiss the SAC in part pursuant to Federal Rule of

Civil Procedure 12(b)(1) and for summary judgment pursuant to Federal Rule of Civil Procedure

56 as to Plaintiff's remaining claim. (See Not. of Mot. (Dkt. 65).) On October 24, 2013, the

court referred the Government's motion to Magistrate Judge Viktor V. Pohorelsky for a Report

and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil

Procedure 72(b)(1). (Dkt. 80.)

On August 8, 2014, Judge Pohorelsky issued an R&R recommending that the court grant

the Government's motion in its entirety. (See R&R (Dkt. 81).) Judge Pohorelsky first concluded

that Plaintiff's claim alleging negligent denial of his requests for a cell transfer should be

1

dismissed for lack of subject matter jurisdiction as they fell within the FTCA's discretionary function exception. (Id. at 5-10.) The R&R further recommended that the court grant the Government's motion for summary judgment on Plaintiff's remaining medical malpractice claim. (Id. at 10-15.) No party has objected to Judge Pohorelsky's R&R, and the time to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Finding no clear error, the court ADOPTS the R&R and accordingly GRANTS the Government's motion in its entirety. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      September 15, 2014

NICHOLAS G. GARAUFIS
United States District Judge

2